a share. The net profits of the Pittston Coal Mining Co. for the years 1918 to 1923, inclusive, were as follows:

| | |
|---|---|
| 1918 | $55,070.04 |
| 1919 | 96,604.16 |
| 1920 | 142,914.32 |
| 1921 | 75,455.08 |
| 1922 (when there was a strike for 6 months of the year) | 34,036.95 |
| 1923 | 118,207.77 |

As of March 20, 1923, the Pittston Coal Mining Co. had almost exhausted its recoverable coal.

The administrator filed an estate-tax return on March 13, 1924, and included the 250 shares of stock of the Pittston Coal Mining Co. at a valuation of $27,500, or $110 a share. The Commissioner fixed its value at $500 a share. The value of the 250 shares of stock at the time of the decedent's death was $400 a share.

#### DECISION.

The deficiency should be computed in accordance with the foregoing findings of fact. Final determination will be settled on 10 days' notice, under Rule 50.

---

## APPEAL OF STAR ELECTRIC CO.

Docket No. 4185.   Submitted October 27, 1925.   Decided January 28, 1926.

*Myron J. Stone* for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

### Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the year 1920 in the amount of $1,811.47. The question in issue is the right of the taxpayer to deduct from the gross income of 1920 an amount of $6,969.51, representing expenditures for partitions and other interior alterations upon property leased by the taxpayer for a term of 10 years.

#### FINDINGS OF FACT.

The taxpayer is a Massachusetts corporation, with its principal office at Worcester. The lease upon the premises in which its business was carried on expired in 1920 and it was required to seek other quarters. It leased a store and a cellar in the locality of its former store for a period of 10 years from February, 1920. To fit this store properly for the transaction of its business, which is that of electrical

contracting and the retailing of electrical supplies, the taxpayer made such partitions and shelving alterations as it deemed necessary. The total amount spent for such alterations in 1920 was $6,969.51, which amount was claimed as a deduction from gross income in its tax return for the year 1920, but which was disallowed by the Commissioner as an expense deduction, although one-tenth thereof was allowed as a deduction on account of depreciation.

### DECISION.

The determination of the Commissioner is approved. *Appeal of National City Bank of Seattle*, 1 B. T. A. 139; *Appeal of Simmons & Hammond Manufacturing Co.*, 1 B. T. A. 803.

---

## APPEAL OF MAX D. STEUER.

Docket No. 4430.   Submitted October 28, 1925.   Decided January 28, 1926.

The March 1, 1913, value of property determined.

*Sidney Ehrlich, Esq.*, for the taxpayer.
*George G. Witter, Esq.*, for the Commissioner.

### Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income tax for 1921 in the amount of $16,052.89, only a part of this amount being in controversy. The question in issue is the loss sustained on property sold in 1921.

#### FINDINGS OF FACT.

The taxpayer is a resident of New York City. In 1903 he purchased the premises at 225 East Fifty-third Street, New York City, at a cost of

| | |
|---|---:|
| Land | $31,000 |
| Building | 45,000 |
| Total | 76,000 |

He sold the premises in 1921 at a net price of $56,133.77. In his income-tax return for the year he determined his loss upon the transaction as follows:

| | |
|---|---:|
| Cost and March 1, 1913, value | $76,000.00 |
| Selling price | 56,133.77 |
| Loss | 19,866.23 |

The Commissioner has computed the cost at $76,000, less depreciation for 18 years on $45,000—$16,200—balance $59,800; and on that basis fixed the deductible loss at $3,666.23. From the same data he